**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CHAPTER 7 |
| PATRICIA ANN STRICKLAND, | ) | |
| | ) | |
| Debtor. | ) | Case No. 05-12845 (MFW) |
| _____ | ) | |
| | ) | |
| ROBERT L. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-50160 (MFW) |
| | ) | |
| PATRICIA ANN STRICKLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Complaint of Robert L. Moore (the "Plaintiff") objecting to the dischargeability of any debt due to him as support pursuant to sections 523(a)(2)(B), 523(a)(4),and 523(a)(5) and objecting to the discharge of Patricia Ann Strickland (the "Defendant") for failing to disclose assets on her Schedules pursuant to section 727(a)(4). After trial on the merits and briefing, the Court determines that the Defendant is not entitled to discharge any support award (including the judgment entered by the Family Court on February 1, 2005) and is not entitled to the entry of a discharge.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

I.   <u>BACKGROUND</u>

In October 2003, the Plaintiff and Defendant were divorced. While they were married, in 1999, the parties purchased a hair stylist business called Clippers and Curls Hair Design, Inc. (the "Business").  Since their divorce, proceedings have been pending in the Delaware Family Court regarding, inter alia, the Plaintiff's request for support from the Business.

On September 28, 2005, the Defendant filed a petition for relief under chapter 7 of the Bankruptcy Code and related Schedules and Statement of Financial Affairs ("SOFA").  The meeting of creditors under section 341 was held on November 15, 2005.  The Defendant subsequently amended her SOFA and Schedules on November 21 and December 1, 2005, respectively.  On March 23, 2006, the Defendant further amended her SOFA.

On January 9, 2006, the Plaintiff filed a complaint objecting to the dischargeability of debts due him and to the Defendant's discharge under sections 523 and 727 of the Code. The Defendant filed an answer denying the charges.  Trial was held on July 26, 2006, after which the parties filed post-trial briefs.  The matter is ripe for decision.


II.  <u>JURISDICTION</u>

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) & 157(b)(2)(A), (I),

(J) & (O).


III. <u>DISCUSSION</u>

    A.   <u>Nondischargeability of Debt to Plaintiff</u>

    The Plaintiff asserts that the obligations owed to him by the Defendant are nondischargeable pursuant to several provisions of section 523.

    1.   <u>Section 523(a)(2)(B)</u>

    Section 523(a)(2)(B) provides:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt -
>
>        . . .
>
>     (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by -
>
>        . . .
>
>        (B) use of a statement in writing -
>           (i) that is materially false;
>           (ii) respecting the debtor's or an insider's financial condition;
>           (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>           (iv) that the debtor caused to be made or published with intent to deceive . . . .

11 U.S.C. § 523(a)(2)(B).

    In the Complaint, the Plaintiff asserts that the Defendant's failure to list the Business and a mobile home inherited from her

father in 2002 on her Schedules were false representations
requiring a determination that her debt to him is not
dischargeable under section 523(a)(2)(B).  The Defendant argues
that section 523(a)(2)(B) is not applicable because she did not
obtain money, property, services or credit from the Plaintiff as
a result of the allegedly false representations.

The Court agrees with the Defendant that section
523(a)(2)(B) is not applicable to this situation.  The Complaint
does not allege (and no proof was presented at trial) that the
debt owed by the Defendant to the Plaintiff was incurred by use
of a false writing concerning the Defendant's financial condition
on which the Plaintiff actually relied.  See, e.g., In re Cohn,
54 F.3d 1108, 1114 (3d Cir. 1995).  The only assertion in the
Complaint or evidence presented relates to the allegedly false
Schedules and SOFA filed by the Defendant in the bankruptcy case.
The Court concludes that section 523(a)(2)(B) is not applicable.

    2.   Section 523(a)(4)

The Plaintiff also asserts that the debts owed to him by the
Defendant are not dischargeable under section 523(a)(4).  That
section provides:

    (a) A discharge under section 727 . . . does not
    discharge an individual debtor from any debt -
                                . . .
        (4) for fraud or defalcation while acting in
        a fiduciary capacity, embezzlement, or
        larceny . . . .

11 U.S.C. § 523(a)(4).

4

The Defendant argues that the Plaintiff presented no evidence that any obligation owed by her to him was incurred as a result of fraud, defalcation, embezzlement or the like.

The Court agrees.  The only evidence of debt owed by the Defendant to the Plaintiff relates to the Family Court matters and, particularly, to a judgment entered in favor of the Plaintiff for the Defendant's failure to respond to discovery requests.  (Exs. P-3 & P-4.)  There was no allegation in the Complaint or evidence presented at trial that the debt was incurred as a result of fraud or any other basis under section 523(a)(4).  Therefore, the Court concludes that section 523(a)(4) is not applicable to this case.

    3.    Section 523(a)(5)

The Plaintiff finally seeks a determination under section 523(a)(5) that any debts due to him as support from the Business, including the judgment entered by the Family Court on February 1, 2005, are not dischargeable.

At the time the Defendant filed her chapter 7 petition, section 523(a)(5) provided:[2]

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt -
>                          . . .
>       (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for,

---

[2]  Section 523(a)(5) was substantially revised by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

or support of such spouse or child, in
connection with a separation agreement,
divorce decree or other order of a court of
record, determination made in accordance with
State or territorial law by a governmental
unit, or property settlement agreement, but
not to the extent that -
     (A) such debt is assigned to
     another entity, voluntarily, by
     operation of law, or otherwise . .
     . or
     (B) such debt includes a liability
     designated as alimony, maintenance,
     or support, unless such liability
     is actually in the nature of
     alimony, maintenance, or support .
     . . .

11 U.S.C. § 523(a)(5) (amended).

The Defendant admits that any obligations for support,
alimony, or maintenance that may be awarded by the Family Court
are not dischargeable under section 523(a)(5).  She contends,
however, that this section is not broad enough to include the
order entered by the Family Court awarding attorneys' fees to the
Plaintiff in the amount of $1,780 for failure to produce in
discovery documents relating to the Business.  (Exs. P-3 & P-4.)

The Court disagrees.  The judgment was entered by the Family
Court to compensate the Plaintiff for fees incurred by him as a
result of the Defendant's failure to cooperate in discovery
related to the Business assets from which the Plaintiff is
seeking support.  As such, the award is treatable as maintenance
or support for purposes of section 523(a)(5).  See, e.g., Macy v.
Macy, 114 F.3d 1, 2 (1st Cir. 1997) ("holding that attorneys'

fees incurred by a former spouse in the course of seeking to
enforce support-related payments required by a divorce decree are
properly nondischargeable under 11 U.S.C. § 523(a)(5)."); In re
Hudson, 107 F.3d 355, (5th Cir. 1997) (holding that "attorney's
fees related to establishment of support obligations [are]
nondischargeable without reference to the financial need of the
support obligee at the beginning of the litigation."), citing
Dvorak v. Carlson (In re Dvorak), 986 F.2d 940, 941 (5th Cir.
1993); Holliday v. Kline (In re Kline), 65 F.3d 749, 751 (8th
Cir. 1995) (holding that attorneys' fees were nondischargeable as
maintenance, even though award was in favor of attorneys not
spouse, because it was rendered in light of the financial
resources of the parties); In re Brasslett, 233 B.R. 177, 189
(Bankr. D. Me. 1999) (finding that attorney fee award was "in the
nature of maintenance" because it was ordered "to alleviate the
financial oppression [the debtor's state court litigation]
tactics occasioned.")

Consequently, the Court concludes that the award in favor of
the Plaintiff for the attorneys' fees incurred by him in
connection with discovery related to his request for support in
the Family Court are nondischargeable under section 523(a)(5).[3]

---

[3] Even if the attorneys' fees were not covered by section
523(a)(5), they could still be nondischargeable under section
523(a)(15) which (for cases filed prior to BAPCPA) excepts from
discharge any debt "incurred by the debtor in the course of a
divorce or separation or in connection with a separation

B.    Objection to Discharge

The Defendant also objects to the Defendant's discharge pursuant to section 727(a)(4), because she failed to list as assets on her Schedules and SOFA her interest in the Business and the mobile home inherited from her father.

Section 727(a)(4) provides:

> (a) The court shall grant the debtor a discharge, unless -
> . . .
>> (4) the debtor knowingly and fraudulently, in or in connection with the case -
>>> (A) made a false oath or account;
>>> (B) presented or used a false claim;
>>> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
>>> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

11 U.S.C. § 727(a)(4).

The Defendant contends that the only provision that may possibly apply in this case is subsection D and she has provided to the chapter 7 trustee the tax returns and other information related to the Business.

---

agreement, divorce decree" that is not otherwise nondischargeable under section 523(a)(5).  11 U.S.C. § 523(a)(15).

The Defendant is incorrect that other provisions of section 727(a)(4) are not applicable.  Specifically, the failure to list all assets owned by a debtor can constitute a false oath or account resulting in denial of discharge under section 727(a)(4)(A).  See, e.g., In re Keeney, 227 F.3d 679, 686 (6th Cir. 2000) (affirming denial of discharge on grounds that debtor made a false oath by failing to include in his schedules property in which he had a beneficial interest); In re Beaubouef, 966 F.2d 174, 177-78 (5th Cir. 1992) (finding ample support for denial of discharge where debtor made false oath or account by failing to list his ownership interest in corporation on his schedules); Swicegood v. Ginn, 924 F.2d 230, 232 (11th Cir. 1991) (affirming denial of discharge under section 727(a)(4)(A) for debtor's failure to schedule Rolex watch, silver, stock and golf clubs); In re Olson, 916 F.2d 481, 484 (8th Cir. 1990) (affirming denial of discharge for making false oath where debtor failed to disclose his interest in a dinner theater nominally owned by his wife).

To deny a discharge under section 727(a)(4)(A), the Plaintiff must establish that:

> (1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case.

Beaubouef, 966 F.2d at 178.  Accord, Keeney, 227 F.3d at 685; In

re Sholdra, 249 F.3d 380, 382 (5th Cir. 2001).  The elements of an objection to discharge must be proven by the Plaintiff by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279 (1991).

Bankruptcy schedules are statements made under oath. Beaubouef, 966 F.2d at 178 n.2; Rule 1008 (providing that petitions, lists, schedules, statements and amendments shall be verified or contain an unsworn declaration under 28 U.S.C. § 1746); 28 U.S.C. § 1746 (providing that an unsworn declaration must be made under penalty of perjury and shall have the same force and effect as an oath).  Thus, the first element is met here.

The Defendant concedes that she did not list her interest in the Business on her original Schedules and that the omission was done "knowingly."  Thus, the second and third elements are met in this case as to the Business.

The Defendant testified, however, that her failure to list the mobile home was inadvertent.  She testified that she never considered the mobile home to be hers because it was inherited by her and four siblings and her daughter's family lives there. Further, she testified that the mobile home was still in her parents' names.  If her daughter ever left, she stated that the siblings would probably try to sell it, though she felt it had no value.  Based on this testimony, the Court is not convinced that

10

the Defendant's failure to list the mobile home was knowing or intentional.

In addition, the Defendant contends that the Plaintiff has not met his burden of establishing that the omissions with respect to the Business were fraudulent.  She relies on her testimony at trial to the effect that she did not intend to misinform her creditors, the trustee or any other interested party about her ownership of the Business, stating that everyone knew she owned the Business.  Further, she testified that she listed her interest in the Business on Schedule I and attached a profit/loss statement from the Business.

The Court finds the Defendant's testimony self-serving, erroneous, and unconvincing.  The Defendant did not, in fact, list her interest in the Business on Schedule I; she simply listed "Clippers & Curls" as her employer without any indication that she held an interest in that Business.  (See Ex. D-1; Docket # 1 in Case No. 05-12845 and Docket # 8 in Adv. No. 06-50160.)

The Defendant did, however, list her income after "Regular income from operation of business or profession or farm" on Schedule I.  Nonetheless, the Court concludes that this was insufficient to put creditors and the trustee on notice that the Defendant was the owner of a corporation, particularly when elsewhere in response to specific questions the Defendant stated she had no ownership in any business and that her income came

11

from employment rather than a business.  (Ex. D-1 at Schedule B #
12, SOFA #s 1 & 18.)  Further, there was no profit/loss statement
attached to the Schedules or SOFA which were introduced into
evidence, attached to the Defendant's brief, or filed with the
petition.  (See Ex. D-1; Docket # 1 in Case No. 05-12845 and
Docket # 8 in Adv. No. 06-50160.)

The Defendant argues, however, that she had no intent to
hide her interest as evidenced by the fact that she provided the
Business tax returns to the chapter 7 trustee before the meeting
of creditors held on November 10, 2005.

The Court finds that the disclosure of information after the
Defendant's initial failure to disclose assets does not negate a
conclusion that the omission was intended to mislead or defraud
her creditors.  See, e.g., In re Chalik, 748 F.2d 616, 619 (11th
Cir. 1984) (affirming denial of discharge under section
727(a)(4)(A) for failure to list on schedules corporations in
which debtor was the sole or controlling shareholder where
information was revealed only after specific questions were
raised by the trustee).

Similarly, the Court concludes that the amendment of the
Defendant's Schedules to disclose her interest in the Business
does not excuse the initial failure to disclose nor provide a
defense to an objection to discharge under section 727(a)(4).
See, e.g., Sholdra, 249 F.3d at 383 (concluding that "amended

12

schedules and statement of financial affairs . . . . do not
negate the fact that [the debtor] made knowingly false oaths in
his original schedules and statement of financial affairs"
sufficient to deny him a discharge under section 727(a)(4)(A),
particularly since he "filed the amendments only after the
falsity of the original documents was revealed in his
deposition.").

As a result of the Defendant's testimony, the Court
concludes that the failure to list the Business on the Schedules
and SOFA was intended to prevent creditors from obtaining the
Business interest.  Thus, the fourth element is met in this case.

Finally, the Court readily finds that the omission was
material in this case.  "The subject matter of a false oath is
'material,' and thus sufficient to bar discharge, if it bears a
relationship to the bankrupt's business transactions or estate,
or concerns the discovery of assets, business dealings, or the
existence and disposition of his property." Chalik, 748 F.2d at
617, citing In re Steiker, 380 F.2d 765, 768 (3d Cir. 1967).
Even the omission of assets of little value can be material.
See, e.g., Olson, 916 F.2d at 484 (concluding that omission of
dinner theater which had "questionable value" was material for
purposes of section 727(a)(4)(A)); Chalik, 748 F.2d at 619
(holding that omission of information about shares held in
corporations was material even if the securities were worthless

13

at the time).

In this case there is substantial evidence that the Business has more than nominal value.  As of October 28, 2005, one month after she filed her petition, the Defendant still had the Business listed for sale for $99,900.  (Ex. P-1.)  The Debtor admitted in testimony that the Business had originally been listed for sale in March, 2005, for $119,900 and that she had received a verbal offer for the Business of $30,000, which she considered inadequate and declined.  She testified that she believed the value of the Business was $50,000.[4]  That is clearly a material asset.  Further, even if the Business had a nominal value, it relates to the Defendant's business dealings and clearly required disclosure.  See, e.g., Olson, 916 F.2d at 484; Chalik, 748 F.2d at 619.  Thus, the Court concludes that the fifth element is met.

"Section 727 makes complete financial disclosure a 'condition precedent' to the privilege of discharge."  United States v. Ellis, 50 F.3d 419, 424 (7th Cir. 1995) (citations omitted).  The Defendant's failure to list her interest in the Business on her Schedules convinces the Court that her discharge should be denied pursuant to section 727(a)(4)(A).

---

[4]  Despite this concession in her testimony, the Defendant listed the value of the Business on her Amended Schedules as $0 or "unknown."  (Ex. D-2, Schedule B #s 12 & 22.)

14

IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Court determines that any debt due to the Plaintiff as a result of the Family Court proceeding, including the judgment entered on February 1, 2005, is nondischargeable pursuant to section 523(a)(5).  The Court will also deny the Defendant's discharge pursuant to section 727(a)(4)(A) for failure to list her interest in the Business on her Schedules and SOFA.

An appropriate order is attached.

BY THE COURT:

Dated: August 21, 2006

Mary F. Walrath
United States Bankruptcy Judge